```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
BNP PARIBAS,                            :
           Interpleader-Plaintiff,      :
                                        :     09 Civ. 5351 (DLC)
           -v-                          :
                                        :     OPINION & ORDER
WAYZATA OPPORTUNITIES FUND II, L.P.     :
et al.,                                 :
           Interpleader-Defendants.     :
                                        :
----------------------------------------X
```

APPEARANCES:

For Interpleader-Plaintiff:

John J.D. McFerrin-Clancy
Richard C. Wolter
Lowenstein Sandler PC
1250 Avenue of the Americas
New York, New York 10020

For Interpleader-Defendants Black Diamond Entities, Eaton Vance Entities, Denali Entities, and General Electric Capital Corporation:

Joseph T. Baio
Joanna R. Rotgers
Jordan C. Hicks
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019

For Interpleader-Defendant Wayzata Opportunities Fund II, L.P.:

Frank S. Occhipinti
Charles A. Stewart, III
Stewart Occhipinti, LLP
65 West 36th Street, 7th Floor
New York, New York 10018

DENISE COTE, District Judge:

This Opinion addresses a motion by interpleader-plaintiff BNP Paribas ("BNP") pursuant to 28 U.S.C. §§ 1335 and 2361 for discharge, injunctive relief, and attorneys' fees and costs. The interpleader-defendants do not oppose BNP's motion. The only dispute among the parties concerns the source from which the attorneys' fees and costs should be paid. For the following reasons, BNP's motion is granted, including its request that attorneys' fees and costs be paid from the stake.

## BACKGROUND

The following is a summary of undisputed facts that are pertinent to the present motion. Additional background is set forth in the Opinion dated December 23, 2009. See BNP Paribas v. Wayzata Opportunities Fund II, L.P., No. 09 Civ. 5351 (DLC), 2009 WL 5061750 (S.D.N.Y. Dec. 23, 2009) (the "December 2009 Opinion"). In a credit agreement dated January 31, 2006 (the "Credit Agreement"), certain financial institutions (the "Lenders") agreed to make loans to a company now known as Propex Fabrics, Inc. ("Propex"). BNP, in addition to being a Lender, is the administrative agent under the Credit Agreement. In that capacity, BNP is responsible for distributing proceeds from the sale of Propex's collateral and certain payments if an "Event of Default" occurs under the Credit Agreement.

On January 18, 2008, Propex filed for bankruptcy, which constituted an Event of Default under the Credit Agreement.  On March 27, the bankruptcy court authorized Propex to sell substantially all of its assets.  BNP, as administrative agent, held the proceeds from the sale.  BNP made a pro rata share distribution of a portion of the proceeds to the Lenders in accordance with the terms of the Credit Agreement.  Prior to making any distributions, however, BNP withheld a total of $1,183,500 to pay certain administrative costs expected to be incurred by BNP as administrative agent (the "Reserved Amount").  The Reserved Amount included $648,782.13, which amount is the subject of this interpleader action (the "Stake").[1]

Under Section 10.2(ix) of the Credit Agreement, Propex agreed to pay the fees and expenses "incurred by Administrative Agent and Lenders in enforcing any Obligations" under the Credit Agreement.  Pursuant to this provision, certain Lenders (the "Participating Lenders")[2] requested in a letter dated April 24,

---

[1] To date, approximately $1,070,173 in payments have been made by BNP from the Reserved Amount, including the $648,800 paid into the Court's Registry in connection with this action.  The $113,327 remaining in escrow is fully committed to legal fees and costs incurred by BNP as administrative agent in other legal proceedings related to Propex and the Credit Agreement.

[2] The Participating Lenders are comprised of the following interpleader-defendants: Black Diamond Capital Management, L.L.C., Black Diamond Commercial Finance, L.L.C., BDCM Opportunity Fund II, L.P., Black Diamond International Funding, Ltd., Black Diamond CLO 2006-01 (Cayman), Ltd., Black Diamond CLO 2005-1 Ltd., and Black Diamond CLO 2005-2 Ltd.

2009, that BNP pay the fees and expenses incurred by them in connection with the filing of a conditional objection to the sale of Propex's assets in the bankruptcy court (the "Enforcement Fees and Expenses").  The Enforcement Fees and Expenses totaled $648,782.13.  In a letter dated May 1, the Participating Lenders demanded that BNP distribute this amount, i.e., the Stake, to them.  The same day, a representative of another Lender, Wayzata Opportunities Fund II, L.P. ("Wayzata"), communicated to BNP that Wayzata would initiate legal proceedings against BNP if it distributed the Stake to the Participating Lenders.

On June 9, BNP filed this interpleader action pursuant to 28 U.S.C. § 1335, requesting that the Court resolve the distribution of the Stake.  On June 17, BNP deposited the Stake with the Court's Registry and made no claim to the Stake.  All of the named interpleader-defendants were served with the complaint.  On September 18, the Participating Lenders filed a

---

(collectively, "Black Diamond Entities"); Senior Debt Portfolio, Eaton Vance Institutional Senior Loan Fund, Eaton Vance Short Duration Diversified Income Fund, Eaton Vance Limited Duration Income Fund, Eaton Vance VT Floating-Rate Income Fund, Eaton Vance Floating-Rate Income Trust, Eaton Vance Senior Floating-Rate Trust, and Grayson & Co. (collectively, "Eaton Vance Entities"); Denali Capital V, LTD, Denali Capital VI, LTD, and Denali Capital VII, LTD (collectively, "Denali Entities"); General Electric Capital Corporation; Diamond Springs Trading, LLC; Classic Cayman B.D. Ltd.; Beltway Capital, LLC; Serves 2006-1, Ltd.; Regiment Capital LTD; Cavalry CLO I, LTD; PPM Monarch Bay Funding LLC; and PPM Shadow Creek Funding LLC.

motion for summary judgment seeking an order instructing BNP to distribute the Stake to them.  Wayzata filed an opposition on October 9 in which it argued, inter alia, that section 10.2(ix) of the Credit Agreement did not authorize payment of the Enforcement Fees and Expenses sought by the Participating Lenders.  Instead, Wayzata sought a pro rata distribution of the Stake to all Lenders.  The December 2009 Opinion rejected Wayzata's interpretation of the Credit Agreement, granted the Participating Lenders' motion for summary judgment, and ordered that the Stake be returned to BNP for distribution to the Participating Lenders.  See BNP Paribas, 2009 WL 5061750, at *6.

On March 1, 2010, BNP filed the instant motion pursuant to 28 U.S.C. §§ 1335 and 2361 for an order: (1) discharging BNP from all further liability with respect to the Stake; (2) permanently enjoining all further actions by the named interpleader defendants with regard to the Stake; and (3) awarding BNP attorneys' fees and costs of $29,580.82 incurred in bringing the interpleader action.[3]  On March 19, the

---

[3] The requested attorneys' fees do not include the cost of preparing the complaint.  BNP's original counsel in this matter prepared the complaint, but later withdrew and did not charge BNP any fees or costs associated with preparing the complaint.  The bulk of the fees and costs sought are thus made up of time and costs associated with: (1) service of the summons and complaint on more than sixty interpleader-defendants; (2) service on the interpleader-defendants of the notice of initial pretrial conference; and (3) preparation of the instant motion.  Approximately $10,538 of the $29,850.82 in attorneys' fees and

Participating Lenders filed their response.  The Participating Lenders do not oppose BNP's motion, except insofar as it seeks payment of attorneys' fess and costs from the Stake.  The Participating Lenders contend that BNP's attorneys' fees and costs should be paid from the Reserved Amount, or alternatively, by Wayzata.  On April 2, BNP filed its reply and Wayzata filed a response.  Like the Participating Lenders, Wayzata does not oppose BNP's motion.  Wayzata objects, however, to the Participating Lenders' position that Wayzata should bear BNP's attorneys' fees and costs.

DISCUSSION

1. Interpleader Relief

"Under 28 U.S.C. § 1335, a district court has jurisdiction of any civil action of interpleader involving money or property worth $500 or more where two or more adverse claimants, of diverse citizenship as defined in 28 U.S.C. § 1332, are claiming or may claim to be entitled to such money or property, if the plaintiff has deposited the money or property with the court." N.Y. Life Ins. Co. v. Conn. Dev. Auth., 700 F.2d 91, 95 (2d Cir. 1983) (citation omitted).  "In such an action, the court is to hear and determine the case, and may discharge the plaintiff

---

costs sought are disbursements for copying, serving, and sending the pleadings and notices to the sixty interpleader defendants.

from further liability, may enter a permanent injunction restraining the claimants from proceeding in any state or United States court in a suit to affect the property, and may make all appropriate orders to enforce its judgment." Id. (citing 28 U.S.C. § 2361);[4] see also Mendez v. TIAA-CREF, 982 F.2d 783, 787 (2d Cir. 1992). "Before discharging a stakeholder under § 2361, the court must first determine whether the requirements of [28 U.S.C. § 1335] have been met." Mendez, 982 F.2d at 787.

There is no dispute that the requirements of 28 U.S.C. § 1335 have been met and that BNP is entitled to the relief it seeks. BNP is a disinterested stakeholder and made no claim against the Stake.[5] The Stake, which is valued at more than

---

[4] Section 2361 provides in pertinent part:

> In any civil action of interpleader or in the nature of interpleader under [28 U.S.C. § 1335], a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. . . . Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361.

[5] Although BNP had asserted in the complaint a right to its pro rata share of the Stake in the event that the Court held that the Participating Lenders were not entitled to payment of the Enforcement Fees and Expenses, BNP made clear that it would not -- and did not -- actively litigate the issue. Moreover, the Participating Lenders and Wayzata, the only Lenders who answered the complaint, do not contest BNP's disinterestedness.

$500, was deposited in the Court's Registry on June 17, 2009. Further, at least two competing claims were asserted against the Stake by claimants of diverse citizenship.  Accordingly, pursuant to 28 U.S.C. § 2361, BNP shall be discharged from all further liability with respect to the Stake, and a permanent injunction shall be entered enjoining all further actions by the named interpleader defendants with regard to the Stake.

2.   Attorneys' Fees and Costs

"A disinterested stakeholder who asserts interpleader is entitled to be awarded costs and attorney's fees." Septembertide Pub., B.V. v. Stein and Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989); see also A/S Krediit Pank v. Chase Manhattan Bank, 303 F.2d 648, 649 (2d Cir. 1962) (per curiam).  Attorneys' fees and costs "are generally awarded against the interpleader fund, but may, in the discretion of the court, be taxed against one of the parties when their conduct justifies it." Septembertide, 884 F.2d at 683 (citing Prudential Ins. Co. of Am. v. Boyd, 781 F.2d 1494, 1497-98 (11th Cir. 1986)); see also Globe Indem. Co. v. Puget Sound Co., 154 F.2d 249, 250 (2d Cir. 1946) ("[T]he plaintiff in interpleader is entitled to costs (usually including a reasonable attorney's fee) to be paid out of the fund brought into court.").  Ultimately, an award of attorneys' fees and costs is left "to the sound discretion of

8

district court." Travelers Indem. Co. v. Israel, 354 F.2d 488, 490 (2d Cir. 1965).

The Participating Lenders and Wayzata do not dispute that BNP is entitled to reimbursement of its attorneys' fees and costs, or that the amount requested is reasonable. The only disagreement is the source of funds to be used to reimburse BNP. The Participating Lenders, however, fail to provide a sufficient reason to deviate from the general rule that a disinterested stakeholder's fees and costs should be paid from the stake. Septembertide, 884 F.2d at 683; see also Prudential Ins., 781 F.2d at 1497 ("The award of costs and attorneys' fees in an interpleader action is generally to be imposed against the party who has benefited from the interpleader action.").

Contrary to the contention of the Participating Lenders, no funds remain in the Reserved Amount from which BNP can pay its attorneys fees and costs. Further, the argument that Wayzata should bear BNP's fees and costs because the December 2009 Opinion rejected Wayzata's arguments concerning the interpretation of the Credit Agreement is unavailing. The Participating Lenders have not shown that Wayzata's litigation posture was so unreasonable or frivolous as to warrant taxing Wayzata with BNP's fees and costs. See Septembertide, 884 F.2d at 683. Nor is there any evidence that Wayzata obstructed or

9

unreasonably prolonged the interpleader process.  Accordingly, BNP's attorneys' fees and costs shall be paid from the Stake.

## CONCLUSION

BNP's March 1, 2010 motion is granted.  Pursuant to 28 U.S.C. §§ 1335 and 2361, BNP is hereby discharged from all further liability and the interpleader-defendants are permanently enjoined from all further actions with regard to the Stake.  BNP is awarded attorneys' fees and costs of $29,580.82 to be paid from the Stake.

SO ORDERED:

Dated:   New York, New York
         May 11, 2010

                                    _____
                                            DENISE COTE
                                    United States District Judge